**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JOHN FURMAN,

                       Plaintiff,

          - against -

THE CITY OF NEW YORK, et al.,

                       Defendants.
----------------------------------------------------------X

**ORDER**

CV 07-1014 (RRM) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      In a letter filed on June 2, 2008, counsel for defendants the City of New York ("City") and New York City Department of Education ("DOE") seeks an order directing the plaintiff to execute a release that would authorize the Social Security Administration to disclose to the defendants all of its records concerning the plaintiff. Docket Entry ("DE") 26. Counsel for plaintiff John Furman ("Furman") responded the next day with a letter opposing the request. DE 27. The Honorable Roslynn R. Mauskopf, United States District Judge, referred the matter to me by order dated June 4, 2008. I now deny the application.

      The instant litigation arises from Furman's employment in the DOE. As Furman's counsel notes, Furman first received Social Security benefits in the late 1990s – prior to the start of his employment with the DOE. The sequence of events plainly calls into question the likelihood that a blanket request for *all* of Furman's Social Security records (as opposed to the more limited class of records as to which Furman is willing to execute a release, *see* DE 27) can be characterized as "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

In support of their application, the defendants submit the following reasoning, which I reproduce in full (save for the conclusion asserting the relief to which they believe themselves entitled):

> First, plaintiff has filed a federal lawsuit claiming disability discrimination and is seeking emotional damages. He has made his social security history relevant at least at this stage of the litigation. Second, if an individual at the SSA is permitted to limit the amount of records produced, defendants believe that they will not receive all the appropriate records. Furthermore, until we see what the records contain one cannot make any determination as to the relevance of the records to defendants' motion for summary judgment or for any possible trial.

DE 26 at 1.

The defendants' arguments are thoroughly unpersuasive. There is no logical connection between the premise of the first argument and its conclusion in the following sentence; indeed, the assertion of relevance is flatly at odds with counsel's acknowledgment, a mere two sentences later, that he cannot possibly have any idea at this point if the records he seeks have any relevance to this litigation at all. More to the point, there is simply no reason to assume that the unspecified Social Security benefits Furman has received provide any insight into the validity of his discrimination charge or the nature and extent of any injury he may have suffered as a result of such alleged discrimination.

The defendants' second argument fares no better than their first. It rests on nothing more than an unsupported assumption that the government official charged with responding to a court order (in the form of a subpoena for records) will unilaterally decide to disobey that order and withhold records. Equally speculative, albeit more overtly so, is the defendants' final argument, which reduces to the proposition that discovery should be ordered because it is impossible to rule out the possibility that the requested records might shed some light on the case. Such an

approach is fundamentally at odds with the discovery provisions of the Federal Rules of Civil Procedure. The defendants' attempt to embark on the proposed fishing expedition is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
      June 6, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge