UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
JOHN FURMAN,

                Plaintiff,                                           **ORDER**
                                                                           07-CV-1014 (RRM)(JO)
      - against -

THE CITY OF NEW YORK, et al.,

                Defendants.
-------------------------------------------------X
MAUSKOPF, United States District Judge.

      Plaintiff John Furman commenced this employment discrimination action alleging various violations of federal and state law by the City of New York and its Department of Education (collectively referred to as "the City"). On December 8, 2008, after the withdrawal of certain claims, and upon the close of discovery, the City moved for summary judgment on Furman's remaining claims, which claims alleged both disability discrimination and the creation of a hostile work-environment in violation of federal and state law. DE 34. On March 24, 2009, this Court referred Defendants' motion to the Honorable James Orenstein, United States Magistrate Judge, for a report and recommendation (R&R).

      On September 30, 2009, Magistrate Judge Orenstein issued his initial R&R, wherein it was recommended that this Court grant the City's motion for summary judgment as to Furman's federal and state hostile work environment claims, but that such motion should be denied as to Furman's causes of action for disability discrimination. DE 44. The R&R further provided that, pursuant to Federal Rule of Civil Procedure 72(b)(2), objections, if any, were to be made by October 19, 2009. Prior to the expiration of the objections period, however, Judge Orenstein,

1

*sua sponte*, provided the parties with an opportunity to further brief the viability of Furman's disability discrimination claims, in light of the Second Circuit's intervening decision in *McBride v. BIC Consumer Products. Manufacturing Co., Inc.*, 583 F.3d 92 (2d Cir. 2009).[1] DE 45. Thereafter, on October 16, 2009, Judge Orenstein issued an Amended Report and Recommendation (the "Amended R&R"). DE 48. The Amended R&R was issued in substantially the same form as the September 30th R&R, save for an expanded discussion of the *McBride* case, the proper application of which Judge Orenstein concluded did not compel modification of his original recommendation that the City's motion be denied as to Furman's disability claims. Pursuant to Rule 72(b)(2), the parties were provided until November 2, 2009 to lodge objections to the Amended R&R. That period expired without further submission from either party.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the unobjected to Amended R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Accordingly, it is hereby ORDERED that the City's motion for summary judgment is

---

[1] In pertinent part, the Second Circuit's decision in *McBride*, *supra*, analyzes the viability of disability discrimination claims based upon a defendant's failure to accommodate a plaintiff's disability. In *McBride*, the plaintiff failed to identify "an accommodation of any form" that would have allowed her to continue her employment. 583 F.3d at 97. The Court held that that failure excused defendant from its obligation to engage with plaintiff in an interactive effort to identify a mutually acceptable and reasonable accommodation. Plaintiff's initial failure to identify or request any accommodation thus warranted complete dismissal of her failure-to-accommodate claim. *Id.* In this case, however, and as the Amended R&R sets forth in considerable detail, Judge Orenstein found that Furman did indeed identify a reasonable accommodation – a modified work schedule, including half-days – and that such request for accommodation was reasonably communicated to the defendant in a manner sufficient to trigger the City's obligation to engage Furman in a discussion of the matter. *See* Amend. R&R at 18-24. Second, Judge Orenstein determined that the City failed to show the absence of a genuine dispute concerning Furman's ability to adequately perform his duties if provided with the type of accommodation allegedly identified and requested. *Id.; Cf. McBride*, 583 F.3d at 100-01 (finding no evidence from which a jury could reasonably conclude that an accommodation would allow plaintiff to perform essential job functions). The Magistrate Judge thus properly found that the distinguishing facts and circumstances here require denial of defendants' motion for summary judgment.

2

GRANTED as to Furman's claims concerning an allegedly hostile work environment, and DENIED as to Furman's disability discrimination claims.

SO ORDERED.

Dated: Brooklyn, New York
December 3, 2009

ROSLYNN R. MAUSKOPF
United States District Judge